# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE HODGENS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____ | Case No.: 1:12-cv-00471-LJO-SKO<br><br>**ORDER TO TRANSFER CASE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

    Plaintiff Desiree Hodgens seeks judicial review of a final decision of the Commissioner of Social Security denying applications for Disability Income Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Under the venue statute governing this action, Plaintiff may obtain review of any final decision of the Commissioner made after a hearing to which the plaintiff was a party by commencing a civil action in the federal district court for the judicial district in which the claimant resides. 42 U.S.C. § 405(g). Plaintiff resides in San Jose, California, which is located within the region served by the U.S. District Court for the Northern District of California.

    Plaintiff's complaint and civil cover sheet indicated that venue was appropriate in the U.S. District Court for the Eastern District of California because Plaintiff resides in Fresno County. (Docs. 1, 2.) Following the filing of the Administrative Record, the Court noted that the record was replete with references to Plaintiff's residence in San Jose, California.

On December 20, 2012, the Court issued an order requiring Plaintiff to file a declaration under penalty of perjury setting forth her place of residence at the time she filed her complaint and her current place of residence, if a change had occurred since the filing of the complaint. To the extent that Plaintiff's place of residence was in San Jose, California, Plaintiff was required to show cause why the case should not be transferred to the U.S. District Court for the Northern District of California. (Doc. 21.)

On January 3, 2013, Plaintiff filed a response to the Court's December 20, 2012, order to show cause. (Doc. 22.) Plaintiff indicates that her place of residence is San Jose, California, and it has not changed since she filed her complaint in this matter on March 28, 2012. (Doc. 22-1.) Plaintiff asserts that she made a clerical error in completing the civil cover sheet at the time the case was filed, and the venue issue was not discovered until now. Plaintiff asserts that the case has been briefed and is ready for a decision; thus, the Court should issue a decision on the merits and should not transfer the case.

While the Court is aware that the matter is fully briefed, the improper venue in this case is not an isolated occurrence and appears to be part of a more systemic venue problem created by Plaintiff's counsel. The Court has recently discovered that Plaintiff's counsel has improperly filed numerous cases in the Fresno division of the Eastern District. *As it pertains only to cases assigned to the undersigned*, 12 out of 29 cases filed by Plaintiff's counsel have incorrectly identified the place of the plaintiffs' residences on the civil cover sheets. Of these cases, six were improperly filed in this division of the Eastern District of California.[1]

The U.S. District Court for the Eastern District of California is one of the most severely burdened district courts in the nation. Prudent management of the Court's judicial resources is paramount as it strives to effectively serve the communities in this district. Cases improperly filed here cause other litigants, who are properly before this Court, to be kept waiting while resources are

---

[1] *See Lingenfelter v. Astrue*, 1:12-cv-0047-LJO-SKO; *Dearmon v. Astrue*, 1:12-cv-00345-AWI-SKO; *Bustos v. Astrue*, 1:12-cv-00725-AWI-SKO; *Coronado v. Astrue*, 1:10-cv-00594-AWI-SKO; *Krauss v. Astrue*, 1:11-cv-01102-LJO-SKO.

1 spent on improperly venued cases, and Plaintiff's own clients suffer the delays associated with
2 counsel's erroneous filing in this division and/or district. Regrettably, the venue issue has only
3 recently been discovered because of Plaintiff's counsel's incorrect representations; the Court is taking
4 action to address such erroneous filings by Plaintiff's counsel in the future.[2]

5       Accordingly, IT IS HEREBY ORDERED that this case be TRANSFERRED to the U.S.
6 District Court for the Northern District of California.

10 IT IS SO ORDERED.

11 **Dated:   January 9, 2013**                             /s/ Sheila K. Oberto
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] As the civil cover sheet in this, and multiple other actions, inaccurately reflected Plaintiff's place of residence, the Court was not in a position to discover the venue issue until after the administrative record was filed and reviewed. This case is only one of many cases within the Fresno division of the Eastern District filed improperly by Plaintiff's counsel. As such, the incorrect representation on the civil cover sheet as to Plaintiff's residence appears to be part of a systematic and intentional mis-characterization made by Plaintiff's counsel. Under these unique circumstances, the Court finds that transfer to the Northern District of California is necessary, appropriate, and supported by good cause.